IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMILLE BROWN,  )
                )
         Plaintiff,  )
                )
    v.          )
                )  Civil Action No. 10-173J
MICHAEL J. ASTRUE,  )
COMMISSIONER OF  )
SOCIAL SECURITY,  )
                )
         Defendant.  )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 26th day of September, 2011, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his request for continuing eligibility for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 12) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 10) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support his findings and conclusions.

After filing an application on May 5, 2000, plaintiff was found to be disabled for purposes of SSI for a child due to a cardiac impairment. When plaintiff turned 18 years old, his case was reviewed, and the Commissioner issued a redetermination decision on February 21, 2008, finding that his disability ceased as of February 2008. The Commissioner denied plaintiff's request for reconsideration of that determination.

At plaintiff's request, an ALJ held a hearing on January 9, 2009, at which plaintiff appeared represented by counsel. On March 19, 2009, the ALJ issued a decision finding that plaintiff ceased to be under a disability for purposes of SSI as of February 2008, and he has not become disabled since that date. The Appeals Council denied plaintiff's request for review on May 14, 2010, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who is classified as a younger individual under the regulations, 20 C.F.R. §416.963(c), has a high school

education and no past relevant work experience. Plaintiff has not engaged in substantial gainful activity at any time.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that plaintiff suffers from the severe impairments of multiple giant coronary aneurysms of the right and left coronary arteries post Kawasaki's disease, but those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a range of sedentary work with a number of other limitations. Plaintiff is limited to occasional balancing, stooping, kneeling, crouching, crawling and climbing ramps and stairs. In addition, plaintiff must avoid using ladders, ropes and scaffolds, and he also must avoid hot and cold temperature extremes. Finally, plaintiff is limited to simple, routine, repetitive and low stress work that is not performed in a fast-paced production environment (collectively, the "RFC Finding").

Based upon testimony by a vocational expert, the ALJ concluded that plaintiff's age, educational background and residual functional capacity enable him to perform work that exists in significant numbers in the national economy, such as a surveillance system monitor, addresser, clerical messenger and

AO 72
(Rev. 8/82)

charge account clerk. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff challenges the ALJ's findings at step 3 of the sequential evaluation process. Specifically, plaintiff

contends the ALJ erred by finding that his coronary impairments do not meet or equal any listing in section 4.00 relating to the cardiovascular system, particularly listing 4.10. The court concludes plaintiff's argument is without merit.

At step 3 of the sequential evaluation process, the ALJ must determine whether the claimant's impairments meet or equal one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education or work experience, from performing any gainful activity. 20 C.F.R. §416.925(a); Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000). "If the impairment is equivalent to a listed impairment, then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

It is the ALJ's burden to identify the relevant listed impairment in the regulations that compares with the claimant's impairment. Id. at 120 n.2. However, it is the claimant's burden to present medical findings that show his impairment matches or is equivalent to a listed impairment. Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992). In determining whether the claimant's impairment meets or equals a listed impairment, the ALJ must set forth the reasons for his decision. Burnett, 220 F.2d at 119.

According to plaintiff, the ALJ erred in failing to find that he meets or equals any listing in section 4.00, particularly listing 4.10 relating to aneurysm of an aorta or major branches. Contrary to plaintiff's position, a review of the record

AO 72
(Rev. 8/82)

establishes that the ALJ employed the appropriate analysis in arriving at his step 3 finding. The ALJ analyzed the medical evidence of record and found that plaintiff suffers from multiple giant coronary aneurysms of the right and left coronary arteries post Kawasaki's disease, which are severe impairments. However, the ALJ determined that plaintiff's impairments, even when considered in combination, do not meet or equal any listed impairment. The ALJ's decision indicates that he considered listings under section 4.00, but he found that plaintiff's conditions do not satisfy all the criteria of any listing. (R. 17). The ALJ stated that objective medical evidence from plaintiff's treating cardiologist and other hospital records showed plaintiff's impairments do not meet or equal any listing, thus satisfying his obligation to explain his step 3 finding. (R. 17). In addition, the ALJ noted that no physician who reviewed plaintiff's records concluded that his impairments meet or equal any listing. (R. 17).

The ALJ satisfied his burden; however, plaintiff failed to sustain his burden of showing that his coronary impairments meet, or equal, listing 4.10 as he claims. The criteria of that listing requires an "[a]neurysm of aorta or major branches, due to any cause . . . demonstrated by appropriate medically acceptable imaging, with dissection not controlled by prescribed treatment (see 4.00H6)." According to 4.00H6:

> [a]n aneurysm . . . is dissecting when the inner lining of the artery begins to separate from the arterial wall. We consider the dissection not controlled when you have

AO 72
(Rev. 8/82)

persistence of chest pain due to progression of the dissection, an increase in the size of the aneurysm, or compression of one or more branches of the aorta supplying the heart, kidneys, brain, or other organs.

Plaintiff has not demonstrated that he meets the criteria of listing 4.10. An electrocardiogram, an echocardiogram, a cardiac MRI and cardiac enzyme testing performed in February 2008 all were normal. (R. 206). On numerous occasions, plaintiff's treating cardiologist, Dr. Fareed Ahmad, described him as a "thriving teenager" who was "asymptomatic." (R. 223, 225, 228). Dr. Ahmad restricted plaintiff from vigorous and strenuous physical activities, but stated that he could participate in recreational activities. (R. 214, 223, 225, 228, 259, 265). In addition, Dr. Ahmad completed a form entitled "Medical Assessment of Physical Ability to do Work-Related Activities" indicating that plaintiff could perform the physical demands of at least light work. (R. 261-63). None of Dr. Ahmad's findings, or any other medical evidence of record, show that plaintiff's aneurysm condition involved dissection not controlled by prescribed treatment as required to meet or equal listing 4.10. Accordingly, the court finds that the ALJ's step 3 finding is supported by substantial evidence.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by

substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

*[signature]*
Gustave Diamond
United States District Judge


cc: J. Kirk Kling, Esq.
630 Pleasant Valley Boulevard
Suite B
Altoona, PA 16602

John J. Valkovci, Jr.
Assistant U.S. Attorney
319 Washington Street
Room 224, Penn Traffic Building
Johnstown, PA 15901